## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRIAN A. ELLICKER, | : | |
| | : | |
| Plaintiff | : | C.A. No. |
| | : | |
| v. | : | |
| | : | |
| BOROUGH OF FOREST HILLS, | : | |
| | : | Jury Trial Demanded |
| Defendant | : | |

## COMPLAINT

AND NOW, comes the Plaintiff, Brian A. Ellicker, by and through his attorneys, LIGHTMAN, WELBY, STOLTENBERG & CAPUTO, and files the following Complaint seeking damages and declaratory relief because of the Defendant's reduction of his disability pension benefits in violation of the Age Discrimination in Employment Act, as amended by the Older Workers Benefit Protection Act.

### Jurisdiction

1.  This is an action for damages and declaratory relief by a retired Borough of Forest Hills Police Officer for the reduction of his disability pension benefits at age 53.

2.  This civil cause of action arises under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 *et seq.*, as amended by the Older Workers Benefit Protection Act (OWBPA). It seeks declaratory relief pursuant to 28 U.S.C. § 2201 *et seq*

3.  Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. 1331.

## Venue

4.     The causes of action arose in Allegheny County, Pennsylvania, and venue therefore lies in the United States District Court for the Western District of Pennsylvania pursuant to 28 U.S.C. § 1391.

## Parties

5.     The Plaintiff is Brian A. Ellicker, an adult individual resident of Pennsylvania, and the retired employee of the Defendant, Borough of Forest Hills, Pennsylvania.

6.     The Defendant is the Borough of Forest Hills, a municipal corporation and political subdivision of the Commonwealth of Pennsylvania, situated at 2071 Ardmore Boulevard, Pittsburgh, Pennsylvania 15221. It is the municipal employer of Forest Hills Borough Police Officers pursuant to Pennsylvania law.

7.     The Borough employs in excess of twenty (20) employees.

## Facts

8.     The Pennsylvania law commonly referred to as Act 600, 53 P.S. § 767 *et seq.*, requires the Borough to establish and maintain a police pension fund by ordinance or resolution.

9.     The Borough has, at all times material hereto, maintained a police pension fund by ordinance and/or resolution, setting forth the defined retirement benefits for its municipal police officers. The plan has been amended from time to time for purposes of adding to or modifying existing benefits.

10.     On February 17, 1993, the Borough enacted Ordinance No. 837, which amended the police pension plan "by changing the minimum age for retirement from 55

2

to 50...by changing the vesting from 15 to 12 years of service...[and] by increasing total and permanent disability from 50% of the monthly salary to 100% of the average monthly salary for the last 36 months of employment."

11. Brian Ellicker began his full time employment as a Forest Hills Borough Police Officer on August 1, 1982.

12. Ellicker suffered a series of work related injuries during his employment. These injuries caused him to become totally and permanently disabled from performing the full duties of a Forest Hills Borough Police Officer.

13. Act 600 mandates that police officers suffering a total and permanent service connected disability shall receive a monthly pension calculated at no less than 50% of their salary at the time the disability is incurred. It does not set a ceiling or cap on the amount of the monthly benefit, and therefore, a 100% disability pension is authorized. 53 P.S. § 771(e)(1).

14. Act 600 sets certain minimum requirements for full "age and service" or "non-disability" pensions. It mandates that officers provide a minimum of 25 years of service and attain age 50 or up to age 55. There is some flexibility with regard to age. A police officer fulfilling the stated age and service requirements is deemed to have reached "superannuation", the minimum requirements to qualify for a full, immediate and unreduced monthly pension benefit. 53 P.S. § 769.

15. The Act 600 service connected disability pension benefit does not contain an age or service requirement.

16. Superannuation is the earliest date on which a police officer can apply for and obtain a full "age and service" pension benefit. However, officers are permitted to

3

continue working beyond this date. In fact, Act 600 provides for supplemental monthly benefits called "service increments", which increase pay for years of service rendered beyond the mandatory 25 years. 53 P.S. § 771(f). Act 600 does not set a mandatory retirement date.

17. Ellicker ceased work due to service connected disability on or about January 25, 2000.

18. Ellicker made a proper application for a service connected disability pension, which the Borough accepted.

19. On May 19, 2000, the Borough executed Resolution No. 959 "granting an honorable discharge and disability retirement benefit to Patrolman Brian Ellicker pursuant to Chapter One, Part Five, Section 510 of the Code of Ordinances of the Borough of Forest Hills." The Resolution provided that "[f]or purposes of calculating Patrolman Ellicker's disability benefit, the Borough of Forest Hills shall use January 25, 2000 as Patrolman Ellicker's last day of employment."

20. The superannuation requirements under the Borough of Forest Hills police pension plan are age 50 and 25 years of service. If Ellicker had not suffered a disabling work injury, he would have first been eligible to retire upon satisfying both the age and service requirements.

21. The Borough of Forest Hills police pension plan sets forth no age or service requirements for disability pension benefits. An officer who is honorably discharged due to total and permanent service connected disability, as determined by Borough designated physicians, is deemed to have satisfied the requirements to receive a disability pension benefit.

4

22.     On May 19, 2000, the Borough enacted Ordinance No. 900, which amended the police pension plan by adding to and modifying the provisions establishing service connected disability pension benefits.

23.     Ordinance No. 900 added a mandate that the disability pension "terminate automatically upon the date that the member would have satisfied all the requirements for superannuation retirements benefits." This causes a reduction in the overall amount of the retirement benefit.

24.     Pursuant to Ordinance No. 900, an officer retiring due to disability, and prior to superannuation, would receive a monthly pension benefit calculated at 100% of his/her average monthly salary during the last 36 months of employment. Once that officer reaches what would have been his/her superannuation date (had he/she continued in active service), the monthly pension benefit is recalculated and paid in an amount equal to 50% of the monthly average salary during the last 36 months of employment. Thus, the benefit is simply cut in half.

25.     Ellicker would have reached superannuation on August 1, 2007 had he been able to continue in active employment. This is the date on which he would have completed 25 years of service

26.     The Borough granted Ellicker a 100% service connected disability benefit, effective May 18, 2000, in a monthly amount equal to $4,489.33. He was 46 years old.

27.     The Borough cut Ellicker's monthly pension in half, to $2,244.67, effective August 1, 2007. He was 53 years old.

28.     Forest Hills Borough Police Officers have received pay raises in each year since Ellicker's January 2000 retirement. If he had been able to continue working until

superannuation and taken a full non-disability retirement benefit, Ellicker's monthly pension would have exceeded the $2,244.67 he now receives.

29.    August 1, 2007 would have been the earliest date on which he could have taken a full non-disability retirement, however, he could have worked beyond that date for many years and, with annual pay raises, would have increased his monthly pension benefit.

30.    As a consequence of the August 1, 2007 reduction, Ellicker has suffered a substantial loss in monthly pension benefits.

31.    Ellicker filed a timely complaint with the Equal Employment Opportunities Commission (EEOC) contesting the 2007 pension benefit reduction as a violation of the prohibitions against age discrimination as set forth in the Age Discrimination in Employment Act (ADEA). The EEOC declined to pursue the charge and issued a Notice of Right to Sue, dated May 29, 2009.

## COUNT I

## VIOLATION OF THE ADEA

32.    The averments of paragraphs 1 through 29 are incorporated herein by reference as if fully set forth.

33.    Brian Ellicker is a "person" within the meaning and application of the ADEA.

34.    The Borough of Forest Hills is an "employer" within the meaning and application of the ADEA.

35.    The ADEA authorizes persons to initiate civil actions against their employers, in U.S. District Courts, for violations of the ADEA. 29 U.S.C. § 626.

36. At the time of the violation giving rise to the instant cause of action, Ellicker was 53 years old, and thus a "covered individual" within the meaning of the ADEA.

37. Section 4 of the ADEA prohibits employers from discriminating against individuals with respect to "compensation, terms, conditions or privileges of employment" because of such individual's age. 29 U.S.C. § 623.

38. The automatic reduction of Ellicker's disability pension benefit upon reaching age 53 constitutes unlawful age discrimination in violation of the ADEA.

39. The automatic reduction of Ellicker's disability pension benefit upon reaching age 53 to an amount that is not representative of what Ellicker would have received had he worked to age 53 constitutes unlawful age discrimination in violation of the ADEA.

40. The automatic reduction of Ellicker's disability pension benefit upon reaching age 53, when he would not otherwise have been required to retire at that time constitutes unlawful age discrimination in violation of the ADEA

41. The automatic reduction of Ellicker's disability pension benefit upon reaching age 53 while providing younger disabled officers with full 100% pensions constitutes unlawful age discrimination within the meaning of the ADEA.

42. The Borough's use of superannuation as the date for reduction of Ellicker's disability pension serves as a direct proxy for age, in violation of the ADEA.

43. Defendant's violation of the ADEA was willful.

44. Ellicker demands a jury trial in this action.

WHEREFORE, Ellicker prays for the following relief:

a. Declare the provision of the Forest Hills Borough Police Pension Plan reducing service connected disability pensions from 100% of last 36 months salary to 50% of last 36 months salary upon reaching what would have been an officer's superannuation date to be a violation of the ADEA;

b. Order the Borough to restore Ellicker's monthly pension amount to $4,489.33, the amount he received prior to the unlawful reduction that the Borough made effective on August 1, 2007;

c. Order the Borough to compensate Ellicker for all lost payment amounts retroactive to August 1, 2007, with statutory interest;

d. Order the Borough to pay Ellicker liquidated damages;

e. Order the Borough to pay Ellicker for the costs and expenses of this litigation, including reasonable attorney's fees;

f. Grant Ellicker such further legal and equitable relief as the Court may deem just and proper.

August 25, 2009
Date

/s/ Eric C. Stoltenberg, Esquire
Eric C. Stoltenberg, Esquire
Pa. I.D. No. 77630
Lightman Welby Stoltenberg
& Caputo
330 Grant Street, Suite 2330
Pittsburgh, PA 15219
(412) 562-0111
Fax: (412) 562-0675
estoltenberg@lwsclaw.com