IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| BRIAN A. ELLICKER,<br>　　　　Plaintiff,<br>　　　v<br><br><br>BOROUGH OF FOREST HILLS<br>　　　　Defendant. | )<br>)<br>)<br>) 2:09-cv-1143<br>)<br>)<br>)<br>) |

## MEMORANDUM ORDER

Pending now before the Court is BOROUGH OF FOREST HILLS' MOTION FOR JUDGMENT ON THE PLEADINGS (Document No. 7). Defendant ("Forest Hills") filed a brief in support (Document No. 8), Plaintiff ("Ellicker") filed a response and a brief in opposition to the motion (Document Nos. 11, 12), and Forest Hills filed a reply brief (Document No. 13). The motion is ripe for disposition.

Factual Background

In this case, Plaintiff alleges that the pension rules adopted by Forest Hills violate the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 et seq. Brian Ellicker is a police officer who suffered a series of work-related injuries in the course of his employment by Forest Hills and became disabled. In accordance with Pennsylvania Act 600, Forest Hills has enacted ordinances that govern normal retirement pensions and disability pensions. A police officer qualifies for a normal retirement pension of 50% of his last 36 months' salary if he is both 50 years old and has 25 years of service. The date on which the officer satisfies both the age and years of service requirements is called the "superannuation" date. Pursuant to Forest Hills Ordinance 900, enacted on May 19, 2000, an officer retiring due to disability receives a monthly

pension benefit calculated at 100% of his average monthly salary during the last 36 months of his employment.  However, this disability pension will "terminate automatically upon the date that the member would have satisfied all the requirements for superannuation retirement benefits."  Upon reaching the superannuation date, the disabled officer's monthly pension benefit is recalculated to be 50% of his average salary during his last 36 months of active duty.

Ellicker began full-time employment as a Forest Hills police officer on August 1, 1982.  Beginning in May 2000, Ellicker began receiving a monthly disability benefit of $4,489.33.  On August 1, 2007, at age 53, Ellicker reached his "superannuation" date because it would have marked the completion of 25 years of service.  Forest Hills then cut his monthly pension benefit in half, to $2,244.67.[1]

Standard of Review

Federal Rule of Civil Procedure 12(c) provides as follows:

**Motion for Judgment on the Pleadings**.  After the pleadings are closed — but early enough not to delay trial — a party may move for judgment on the pleadings.

A Rule 12(c) motion is reviewed in the same manner as a motion to dismiss under Rule 12(b)(6).  *See, e.g., Rose v. Bartle,* 871 F.2d 331, 342 (3d Cir. 1989).  The Court will grant a motion for judgment on the pleadings only if the movant establishes that there are no material issues of fact and, therefore, the movant is entitled to judgment as a matter of law.  Fed.R.Civ.P. 12(c); *see also Shelly v. Johns-Manville Corp.*, 798 F.2d 93, 97 n.4 (3d Cir.1986).

---

[1]Ellicker points out that if he had continued working, he would have received pay raises, and therefore his monthly pension benefit would be higher.  However, this fact is not necessary for the disposition of the case.

Legal Analysis

Plaintiff contends that the reduction of his pension at age 53 constitutes discrimination with regard to the compensation, terms, conditions or privileges of his employment because of age, in violation of ADEA § 623.  Plaintiff recognizes that the reduction occurred at his superannuation date, but argues that this date is a "direct proxy" for age and therefore violates the ADEA.  Defendant argues that Ellicker's claim must be dismissed because it is foreclosed by the United States Supreme Court's recent decision in *Kentucky Retirement Systems v. E.E.O.C.*, 128 S. Ct. 2361 (2008).  Plaintiff attempts to distinguish *Kentucky Retirement*.  The parties agree that no material facts are in dispute and that this case is appropriately resolved by a motion for judgment on the pleadings.

Because the application of *Kentucky Retirement* to the facts of this case is dispositive, the Court will discuss it in some detail.  As Plaintiff notes, the case was a 5-4 decision, with a somewhat unusual split among the Justices.  The case involved an ADEA challenge to the Commonwealth of Kentucky rules for normal retirement and disability retirement pensions. Kentucky police officers qualify for "normal" retirement after either (1) working for 20 years; or (2) working for 5 years and attaining the age of 55.  Disabled police officers who are not eligible for "normal" retirement  receive "imputed years" such that they are entitled to retire immediately and receive disability retirement benefits.  However, police officers who become disabled after they become eligible for normal retirement on the basis of age do not receive any imputed years.

The Court framed the issue as: "we must decide whether a plan that (1) lawfully makes age in part a condition of pension eligibility, and (2) treats workers differently in light of their pension status, (3) automatically discriminates because of age." *Id.* at 2367 (emphasis omitted). The Supreme Court adopted a clear rule "for dealing with this sort of case":

> Where an employer adopts a pension plan that includes age as a factor, and that employer then treats employees differently based on pension status, a plaintiff, to state a disparate treatment claim under the ADEA, must adduce sufficient evidence to show that the differential treatment was "actually motivated" by age, not pension status.

*Id.* at 2370.

The Supreme Court explained that a plaintiff must prove that age "actually motivated the employer's decision." *Id.* at 2366. The Court then cited *Hazen Paper Co. v. Biggins*, 507 U.S. 604, 611-12 (1993), for the proposition that a "dismissal based on pension status was not a dismissal 'because ... of age.'" Although pension status depends on years of service, a factor which is related to age, the two concepts are "analytically distinct." *Id.* Discrimination on the basis of pension status may sometimes be unlawful under the ADEA, in particular where pension status serves as a "proxy for age." *Id.* at 2367. However, the differential treatment which occurred under the Kentucky pension system was not "actually motivated" by age.

The Court noted that its decision was based on "pure logic," as illustrated by numerous examples. The Court also articulated various "background circumstances" which "eliminate the possibility that pension status, though analytically distinct from age, nonetheless serves as a 'proxy for age.'" *Id.* These circumstances included, inter alia: (1) that the decision at issue was not an individual employment decision, but resulted from application of a complex set of system-wide rules; (2) that pension benefits are treated more leniently by the ADEA; (3) that the benefit was offered to all workers on the same nondiscriminatory terms when they were hired; and (4) that the disability rules tracked the normal retirement rules. *Id.* at 2367-68.

The Court made a practical assessment as to whether age discrimination had occurred:

> It is obvious, then, that the whole purpose of the disability rules is, as Kentucky

> claims, to treat a disabled worker as though he had become disabled after, rather than before, he had become eligible for normal retirement benefits. Age factors into the disability calculation only because the normal retirement rules themselves permissibly include age as a consideration. No one seeking to help disabled workers in the way that Kentucky's rules seek to help those workers would care whether Kentucky's normal system turned eligibility in part upon age or upon other, different criteria.

*Id.* at 2368.  The Court recognized that disparities in treatment may arise simply as an artifact of plan rules that treat one set of workers more generously in respect to the timing of their eligibility for normal retirement, such as by treating a disabled employee as if he/she had worked until the point at which they would be eligible for a normal pension.  *Id.* at 2369.  The Court concluded that such a disparity "turns upon pension eligibility and nothing more."  *Id.*  In summary, the Court explained that the "quite special case of differential treatment based on pension status, where pension status - with the explicit blessing of the ADEA- itself turns, in part, on age" does not violate the ADEA.

Plaintiff attempts to distinguish *Kentucky Retirement* in several respects.  For example, Plaintiff argues that the Kentucky plan had a "years of service only" provision while the Forest Hills pension plan contains a mandatory age requirement which caused Ellicker's pension reduction.[2]  In addition, Plaintiff points out that the Forest Hills plan provides younger workers with a disability benefit double the value of normal retirement for which older workers cannot qualify.  Plaintiff also contends that the disability provisions do not track the retirement rules, but instead provide a hefty increased benefit to offset a younger officer's lost earning power.  In sum, Plaintiff reasons that "entitlement to a disability pension should be dependent upon disability and

---

[2]Ellicker's superannuation date was actually triggered when he reached his imputed 25th year of service.  The Court recognizes that Forest Hills requires officers to meet both the age and years of service thresholds.

not age."

The Court is not persuaded that a different result is dictated in this case. The background circumstances that prevented a finding of age discrimination in *Kentucky Retirement* are also present here. The Supreme Court recognized and discussed examples of situations under the pension rules in which older workers might be disadvantaged in reaching its conclusion that the disparity "turns upon pension eligibility and nothing more." *Id.* at 2369. Moreover, the Supreme Court did not limit its holding to the facts of *Kentucky Retirement*, but instead explicitly stated that it was developing a clear rule "for dealing with this sort of case." *Id.* at 2370.

Plaintiff also relies heavily on Justice Kennedy's dissent in *Kentucky Retirement*. Such reliance is misplaced. As an initial matter, Justice Kennedy recognized that there is a powerful incentive to interpret the ADEA in a way that allows employers to give an increased disability payment to a young police officer with a family who is disabled in the heroic performance of his duties. *Id.* at 2372, 2378. Indeed, Ellicker benefitted from such an increased disability pension for seven years. More substantively, Justice Kennedy stated that the majority's decision "undercuts the basic framework" of finding a violation of the ADEA whenever an employer makes age a factor in an employee benefit plan in a formal manner. *Id.* at 2371. In particular, Justice Kennedy recognized that *Kentucky Retirement* had re-interpreted *Hazen Paper* and has now created "a virtual safe harbor for policies that discriminate on the basis of pension status, even when pension status is tied directly to age and then linked to another type of benefit program." *Id.* at 2375. In sum, Justice Kennedy understood the majority's decision to provide a rather sweeping rule that is applicable to cases such as this one. Ellicker cannot show that his

treatment was actually motivated by his age rather than his pension status.[3]

In accordance with the foregoing, the BOROUGH OF FOREST HILLS' MOTION FOR JUDGMENT ON THE PLEADINGS (Document No. 7) is **GRANTED**.  Judgment shall be entered by a separate document and the clerk shall docket this case closed.

SO ORDERED this 6th day of November, 2009.

BY THE COURT:

s/  Terrence F. McVerry
United States District Court Judge

cc:     Eric C. Stoltenberg, Esquire
        Email: estoltenberg@lwsclaw.com

        John A. McCreary , Jr., Esquire
        Email: jmccreary@bccz.com
        Stephen L. Korbel, Esquire
        Email: skorbel@bccz.com

---

[3] In light of this conclusion, the Court need not reach Defendant's alternative argument as to the statute of limitations.